UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKLIN BROWNING, individually and on behalf of all other persons similarly situated who were employed by CEVA FREIGHT, LLC and EGL, INC.; and/or any other entities affiliated with, controlling, or controlled by CEVA FREIGHT, LLC, or EGL, Inc., | Index No. 2:10-cv-05594-ADS-AKT **ANSWER TO COMPLAINT OF FRANKLIN BROWNING** ECF |

Plaintiffs,

-against-

CEVA FREIGHT, LLC; and EGL, INC.,

Defendants.

Defendants CEVA Freight, LLC ("CEVA") and EGL, Inc. ("EGL") (collectively, sometimes referred to as "Defendants") respectfully submit this answer to the plaintiff's complaint. Unless specifically admitted, CEVA and EGL deny each and every allegation in the complaint. With respect to the enumerated allegations, CEVA and EGL admit, deny, and allege as follows:

### Preliminary Statement

1.      CEVA and EGL admit that plaintiff purports to bring claims pursuant to 29 U.S.C. §§ 206, 207, 216(b), New York Labor Law Article 19 § 663, New York Labor Law Article 6 §§ 190 *et seq.*, and 12 New York Codes, Rules, and Regulations § 142-2.2. CEVA and EGL deny the remaining allegations set forth in paragraph 1 of the complaint and specifically deny the inference that Defendants violated the following statutes: (i) 29 U.S.C. §§ 206, 207, 216(b); (ii) New York Labor Law Article 19 § 663; (iii) New York Labor Law Article 6 §§ 190 *et seq.*; and (iv) 12 New York Codes, Rules, and Regulations § 142-2.2.

2.      CEVA and EGL deny the allegations contained in paragraph 2 of the complaint.

3.     CEVA and EGL admit that plaintiff has initiated this action on behalf of himself and others and seeks certain relief.  CEVA and EGL deny the remaining allegations contained in paragraph 3 of the complaint.

*Jurisdiction*

4.     CEVA and EGL admit the allegations contained in paragraph 4 of the complaint.

*Venue*

5.     CEVA and EGL admit that venue is proper in the Eastern District of New York. CEVA and EGL deny the remaining allegations contained in paragraph 5 of the complaint.

*Parties*

6.     CEVA and EGL lack knowledge or information sufficient to form a belief as to the residency of Mr. Browning and deny the remaining allegations contained in paragraph 6 of the complaint, except Defendants admit that plaintiff entered into a contract with CEVA on April 24, 2009, that plaintiff entered into a contract with EagleFreight Services, Inc. on January 23, 2001, that plaintiff entered into a contract with EGL Eagle Global Logistics, LP on June 6, 2002, and that plaintiff entered into a contract with EGL Eagle Global Logistics, LP on June 15, 2004, and refer the Court to the respective contracts for their true and complete terms.

7.     CEVA and EGL admit that CEVA Freight, LLC is a limited liability company incorporated under the laws of the State of Delaware and admit that CEVA does business in New York State.  CEVA and EGL admit that CEVA Freight, LLC's principal place of business is at 15350 Vickery Drive, Houston, Texas.  CEVA and EGL admit that one of the several services CEVA Freight, LLC offers is freight transportation.  Defendants deny the remaining allegations contained in paragraph 7 of the complaint.

8.     CEVA and EGL admit that EGL, Inc. is a corporation incorporated under the laws

of the State of Texas and admit that EGL, Inc. does business in New York State. CEVA and

EGL admit that EGL, Inc.'s principal place of business is at 15350 Vickery Drive, Houston,

Texas. Defendants deny the remaining allegations contained in paragraph 8 of the complaint.

9.      CEVA and EGL admit they are engaged in interstate commerce, and deny the

remaining allegations contained in paragraph 9 of the complaint.

10.     CEVA and EGL admit the allegations contained in paragraph 10 of the complaint.

***Class Allegations***

11.     CEVA and EGL reassert and incorporate by reference their responses to the

allegations contained in paragraphs 1 through 10 of the complaint as if set fully forth herein.

12.     CEVA and EGL admit that plaintiff purports to bring this action as a collective

and class action, but deny the remaining allegations contained in paragraph 12 of the complaint,

and specifically deny that certification of the proposed class, or of any class, is appropriate in this

case.

13.     CEVA and EGL admit that plaintiff purports to bring this action as a collective

and class action, but deny the remaining allegations contained in paragraph 13 of the complaint,

and specifically deny that certification of the class proposed in paragraph 13 of the complaint, or

of any class, is appropriate in this case.

14.     CEVA and EGL deny the allegations contained in paragraph 14 of the complaint.

15.     CEVA and EGL deny the allegations contained in paragraph 15 of the complaint.

16.     The allegations set forth in paragraph 16 of the complaint and each of its subparts

are legal conclusions to which no response is required. To the extent a response is required,

CEVA and EGL deny the allegations set forth in paragraph 16 and each of its subparts.

17.     The allegations set forth in paragraph 17 of the complaint are legal conclusions to

which no response is required.  To the extent a response is required, CEVA and EGL deny the

allegations set forth in paragraph 17.

18.     The allegations set forth in paragraph 18 of the complaint are legal conclusions to

which no response is required.  To the extent a response is required, CEVA and EGL lack

knowledge or information sufficient to form a belief as to the experience of plaintiff's counsel,

and deny the remaining allegations contained in paragraph 18 of the complaint.

19.     The allegations set forth in paragraph 19 of the complaint are legal conclusions to

which no response is required.  To the extent a response is required, CEVA and EGL state that

they lack information sufficient to form a belief as to the financial resources of the members of

plaintiffs' putative class, and deny the remaining allegations contained in paragraph 19 of the

complaint.

***Facts***

20.     The allegations set forth in paragraph 20 of the complaint are legal conclusions to

which no response is required.  To the extent that a response is required, CEVA and EGL deny

the allegations contained in paragraph 20 of the complaint and in each of its subparts.

21.     CEVA and EGL admit that one of the several services CEVA offers is the local

pick up and delivery of freight.  CEVA and EGL admit that some of CEVA's customers are

located in the United States.  CEVA and EGL deny the remaining allegations contained in

paragraph 21 of the complaint.

22.     CEVA and EGL deny the allegations contained in paragraph 22 of the complaint.

23.     CEVA and EGL deny the allegations contained in paragraph 23 of the complaint.

24.     CEVA and EGL deny the allegations contained in paragraph 24 of the complaint.

25.     CEVA and EGL deny the allegations contained in paragraph 25 of the complaint,

and refer the Court to the terms of the contracts entered into between the parties for any meetings which Plaintiff or the members of the putative class may have agreed to attend.

26.    CEVA and EGL deny the allegations contained in paragraph 26 of the complaint.

27.    CEVA and EGL deny the allegations contained in paragraph 27 of the complaint.

28.    CEVA and EGL deny the allegations contained in paragraph 28 of the complaint.

29.    CEVA and EGL deny the allegations contained in paragraph 29 of the complaint.

30.    CEVA and EGL deny the allegations contained in paragraph 30 of the complaint.

31.    CEVA and EGL admit that plaintiff agreed as part of his contracts with CEVA and other EGL-affiliated companies to obtain insurance for cargo liability and vehicle liability, indemnify CEVA and EGL-affiliated companies against any claims of cargo damage incurred while such cargo was in plaintiff's possession or the possession of plaintiff's agents, and maintain delivery vehicles that CEVA and EGL-affiliated companies leased from plaintiff in according with applicable laws and regulations, and to purchase communications equipment. Defendants refer the Court to the respective contracts for their true and complete terms. CEVA and EGL further admit that to the extent the putative class members signed independent contractor agreements with CEVA and EGL-affiliated companies, those agreements contain similar provisions. CEVA and EGL deny the remaining allegations contained in paragraph 31 of the complaint.

32.    CEVA and EGL state that plaintiff and others who entered into contracts with CEVA and other EGL-affiliated companies agreed to be compensated according to the terms of their contracts, and refer the Court to the respective agreements for their true and complete terms. CEVA and EGL admit that plaintiff and others who entered into these agreements were not paid on the basis of time worked. CEVA and EGL deny the remaining allegations contained

in paragraph 32 of the complaint.

33.     CEVA and EGL deny the allegations contained in paragraph 33 of the complaint.

34.     CEVA and EGL deny the allegations contained in paragraph 34 of the complaint.

35.     CEVA and EGL deny the allegations contained in paragraph 35 of the complaint.

36.     CEVA and EGL deny the allegations contained in paragraph 36 of the complaint.

37.     CEVA and EGL deny the allegations contained in paragraph 37 of the complaint.

38.     CEVA and EGL deny the allegations contained in paragraph 38 of the complaint.

39.     CEVA and EGL deny the allegations contained in paragraph 39 of the complaint.

## FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT

40.     CEVA and EGL reassert and incorporate by reference their responses to the allegations contained in paragraphs 1 through 39 of the complaint as if set fully forth herein.

41.     Paragraph 41 of the complaint is a quotation from the United States Code to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of 29 U.S.C. § 206 in paragraph 41 of the complaint.

42.     Paragraph 42 of the complaint is a quotation from the United States Code to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of 29 U.S.C. § 207 in paragraph 42 of the complaint.

43.     The allegations set forth in paragraph 43 of the complaint state legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 43 of the complaint.

44.     The allegations set forth in paragraph 44 of the complaint state legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 44 of the complaint.

45.     The allegations set forth in paragraph 45 of the complaint are legal conclusions to which no response is required. To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 45 of the complaint.

46.     CEVA and EGL deny the allegations contained in paragraph 46 of the complaint.

47.     The allegations set forth in paragraph 47 of the complaint are legal conclusions to which no response is required. To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 47 of the complaint.

48.     The allegations set forth in paragraph 48 of the complaint are legal conclusions to which no response is required. To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 48 of the complaint.

## SECOND CAUSE OF ACTION: FAILURE TO PAY WAGES

49.     CEVA and EGL reassert and incorporate by reference their responses to the allegations contained in paragraphs 1 through 48 of the complaint as if set fully forth herein.

50.     CEVA and EGL deny the allegations contained in paragraph 50 of the complaint.

51.     Paragraph 51 of the complaint is a quotation from the New York Labor Law to which no response is required. To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of Article Six of the New York Labor Law § 190 in paragraph 51 of the complaint.

52.     The allegations set forth in paragraph 52 of the complaint are legal conclusions to which no response is required. To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 52 of the complaint.

53.     Paragraph 53 of the complaint is a quotation from the New York Labor Law to which no response is required. To the extent a response is required, CEVA and EGL admit that

plaintiff purports to quote a portion of Article Six of the New York Labor Law § 190 in paragraph 53 of the complaint.

54.     The allegations set forth in paragraph 54 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 54 of the complaint.

55.     The allegations set forth in paragraph 55 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 55 of the complaint.

56.     The allegations set forth in paragraph 56 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 56 of the complaint.

57.     The allegations set forth in paragraph 57 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 57 of the complaint.

58.     Paragraph 58 of the complaint is a quotation from the New York Labor Law to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of New York Labor Law § 663 in paragraph 58 of the complaint.

59.     The allegations set forth in paragraph 59 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 59 of the complaint.

60.     The allegations set forth in paragraph 60 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the

allegations contained in paragraph 60 of the complaint.

## THIRD CAUSE OF ACTION: NEW YORK OVERTIME

61.     CEVA and EGL reassert and incorporate by reference their responses to the allegations contained in paragraphs 1 through 60 of the complaint as if set fully forth herein.

62.     Paragraph 62 of the complaint is a quotation from the New York Codes, Rules, and Regulations to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of 12 New York Codes, Rules, and Regulations § 142-2.2 in paragraph 62 of the complaint.

63.     Paragraph 63 of the complaint is a quotation from the New York Labor Law to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of New York Labor Law § 663 in paragraph 63 of the complaint.

64.     CEVA and EGL deny the allegations contained in paragraph 64 of the complaint.

65.     CEVA and EGL deny the allegations contained in paragraph 65 of the complaint.

66.     The allegations set forth in paragraph 66 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 66 of the complaint.

67.     The allegations set forth in paragraph 67 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 67 of the complaint.

68.     The allegations set forth in paragraph 68 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 68 of the complaint.

## FOURTH CAUSE OF ACTION: IMPROPER WAGE DEDUCTIONS

69.     CEVA and EGL reassert and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 68 of the complaint as if set fully forth herein.

70.     The allegations set forth in paragraph 70 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 70 of the complaint.

71.     Paragraph 71 of the complaint is a quotation from the New York Labor Law to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of New York Labor Law § 193 in paragraph 71 of the complaint.

72.     Paragraph 72 of the complaint is a quotation from the New York Labor Law to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of New York Labor Law § 193(1)(b) in paragraph 72 of the complaint.

73.     CEVA and EGL deny the allegations set forth in paragraph 73 of the complaint.

74.     The allegations set forth in paragraph 74 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 74 of the complaint.

75.     The allegations set forth in paragraph 75 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 75 of the complaint.

## FIFTH CAUSE OF ACTION: IMPROPER CHARGES

76.     CEVA and EGL reassert and incorporate by reference their responses to the

allegations set forth in paragraphs 1 through 75 of the complaint as if set fully forth herein.

77.     Paragraph 77 of the complaint is a quotation from the New York Labor Law to which no response is required.  To the extent a response is required, CEVA and EGL admit that plaintiff purports to quote a portion of New York Labor Law § 193 in paragraph 77 of the complaint.

78.     The allegations set forth in paragraph 78 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 78 of the complaint.

79.     The allegations set forth in paragraph 79 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 79 of the complaint.

80.     The allegations set forth in paragraph 80 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, CEVA and EGL deny the allegations contained in paragraph 80 of the complaint.

## PRAYER FOR RELIEF

CEVA and EGL deny that plaintiff or the members of his putative class are entitled to the relief requested in the complaint, or any form of relief whatsoever.

## AFFIRMATIVE DEFENSES

CEVA and EGL assert the following defenses without necessarily admitting or acknowledging that they bear the burden of proof as to any such defense:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### Statute of Limitations

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE
### No Class Action or Collective Action

Pending further discovery, plaintiff's claims, and each of them, cannot and should not be maintained on a class and/or collective action basis because those claims, and each of them, fail to meet the necessary requirements for certification as class or collective action, including, *inter alia*, numerosity, commonality, typicality, predominance, superiority, adequacy of the class representatives, and similarity.

## FOURTH AFFIRMATIVE DEFENSE
### Unconstitutional Class Action

Certification of a class action under the circumstances of this case would violate the parties' rights under the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE
### No Standing

Neither plaintiff, nor the purported members of the putative class defined in the complaint, are covered by the statutes, regulations and legal theories sought to be invoked in the complaint.  Accordingly, for this and other reasons, plaintiff's claims, or some of them, and those of the putative class, or some of them, are barred in whole or in part because plaintiff and putative class members lack standing.

## SIXTH AFFIRMATIVE DEFENSE
### Independent Contractor Status

Pending further discovery, plaintiff's claims and the claims of the putative class

members, or some of them, are barred, in whole or in part, because plaintiff and the members of the putative class plaintiff purports to represent were or are independent contractors, not employees.

SEVENTH AFFIRMATIVE DEFENSE
Earnings Were Not Properly Wages

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, because said individuals are/were independent contractors, whose earnings are not "wages" within the meaning of New York Labor Law §§ 190 *et seq.*

EIGHTH AFFIRMATIVE DEFENSE
Federal Motor Carrier Safety Act Preemption

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, to the extent they are preempted by the Federal Motor Carrier Safety Act.

NINTH AFFIRMATIVE DEFENSE
Fair Labor Standards Act Exemption

To the extent plaintiff or members of the putative class drove vehicles with gross vehicle weight ratings of under 10,001 pounds, their claims under the Federal Labor Standards Act, 29 U.S.C. §§ 207, are exempted.

TENTH AFFIRMATIVE DEFENSE
Release

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, because said claims have been released by the individual(s) in question.

## ELEVENTH AFFIRMATIVE DEFENSE
### Estoppel

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, by the doctrine of collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE
### Actions Estopping Claims

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, because he has made statements or taken actions which estop him from asserting his claims.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Knowing Submission/Consent

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, because plaintiff and said putative class members knowingly submitted to and acquiesced in the actions alleged in the complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Accord and Satisfaction: Payment

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, by the doctrines of accord and satisfaction, and payment.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Waiver

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, because such claims have been waived, discharged and/or abandoned.

## SIXTEENTH AFFIRMATIVE DEFENSE
### Laches

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### Unclean Hands/In Pari Delicto

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, by the doctrine of unclean hands and *in pari delicto*.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, by their failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### Conduct Reasonable and in Good Faith/not Willful

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, because CEVA and EGL acted in good faith, with a good-faith and reasonable belief that CEVA and EGL had complied fully with federal and state law. Assuming *arguendo* that a violation of applicable law occurred, which CEVA and EGL specifically deny, CEVA and EGL's conduct was not willful.

## TWENTIETH AFFIRMATIVE DEFENSE
### Unavailability of Equitable Relief

Pending further discovery, plaintiff's claims and the claims of the putative class members, or some of them, are barred, in whole or in part, because such claims for equitable relief are precluded.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### Setoff

Any damages of the plaintiff or the putative class members must be setoff against outstanding account balances, fees, advances, and/or charges due and owing.

Defendants reserve the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, Defendants pray that this Court determine and adjudge:

(1)     that this suit cannot be maintained as a class action;

(2)     that the complaint be dismissed on the merits with prejudice;

(3)     that plaintiff take nothing by his complaint;

(4)     that Defendants be awarded their costs, disbursements, and attorneys' fees and expenses incurred herein; and

(5)     that Defendants be awarded such other and further relief as the Court may deem proper.

Dated:  New York, New York
        March 22, 2011

                                        Respectfully submitted:

                                        O'MELVENY & MYERS LLP

                                        Jeffrey I. Kohn
                                        Jennifer Merzon Evans

                                        Times Square Tower
                                        7 Times Square
                                        New York, NY  10036
                                        jkohn@omm.com

                                        *Attorneys for Defendants*
                                        *CEVA Freight, LLC; and EGL, Inc.*