**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FRANKLIN BROWNING, individually and on
behalf of all other persons similarly situated who
were employed by CEVA Freight, LLC and
EGL, Inc. and/or any other entities with,
controlling, or controlled by CEVA Freight, LLC
or EGL, Inc.,

**MEMORANDUM OF**
**DECISION AND ORDER**
10-cv-5594 (ADS)(AKT)

                Plaintiffs,

           -against-

CEVA FREIGHT, LLC and EGL, LLC,

                Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiffs*
111 Broadway
14th Floor
New York, NY 10006
      By:    James Emmet Murphy, Esq.
               Lloyd Robert Ambinder, Esq., of Counsel

**Leeds Morelli & Brown, PC**
*Attorneys for the Plaintiffs*
1 Old Country Road Suite 347
Carle Place, NY 11514
      By:    Jeffrey Kevin Brown, Esq.
               Jessica Lorraine Parada, Esq.
               Michael Alexander Tompkins, Esq., of Counsel

**O'Melveny & Myers LLP**
*Attorneys for the Defendants*
Times Square Tower
7 Times Square
New York, NY 10036
      By:    Jeffrey I. Kohn, Esq.
               Jennifer Merzon Evans, Esq., of Counsel

**SPATT, District Judge.**

This proposed class action, concerning alleged unpaid wages and overtime wages, was brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Plaintiffs have now moved this Court, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 15(a) and 21, for leave to file an amended complaint to add an additional named plaintiff in this action. For the reasons set forth below, the Court grants the Plaintiffs' motion.

## I. BACKGROUND

The Plaintiffs are workers who presently are or were formerly employed by the Defendants, Ceva Freight, LLC and EGL, LLC, to provide pick-up and delivery services. The Plaintiffs allege that beginning in approximately 2004, and continuing through the present, the Defendants have engaged in a pattern and practice of withholding all earned wages and overtime payments through means of improperly classifying the named Plaintiff and others similarly situated as "independent contractors."

On December 2, 2010, the named Plaintiff Franklin Browning, individually and on behalf of all other persons similarly situated who were employed by the Defendants, commenced this proposed Rule 23 class action and FLSA collective action for violations of the FLSA, 29 U.S.C. §§ 206, 207, 216(b), as well as Articles 6 and 19 of the NYLL and the wage orders, rules and regulations promulgated pursuant to these laws, to recover unpaid wages and overtime wages allegedly owed to the Plaintiffs.

In addition to the one named plaintiff, Franklin Browning, four other individuals consented to become parties in this action prior to the filing of the Defendants' Answer. The Plaintiffs now seek leave to amend their complaint to add one of these individuals, Andrew Huggins, as a second named plaintiff in this case. The Plaintiffs' motion is unopposed by the Defendants.

## II. DISCUSSION

Rule 21 states that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

The Defendants in the present case have not raised any objections to the Plaintiffs' motion seeking leave to amend the complaint to add Huggins as a second named plaintiff. Huggins, who is already an opt-in plaintiff to the FLSA collective action, seeks to assert only the claims already made in the original complaint. The record reveals no prejudice, undue delay, bad faith, or futility that would compel the Court to deny the Plaintiffs' motion to amend the complaint in this manner.

The Defendants will not be required to expend significant additional resources to conduct discovery or prepare for trial with the addition of a second

named plaintiff, because discovery for this FLSA action is still ongoing. In fact, discovery at this juncture in the case has been limited solely to the issue of the independent contractor status of the Plaintiffs. To date, there has been no class discovery in order for the parties and the Court to focus on this threshold legal issue presented by this case. It does not appear to the Court that the addition of Andrew Huggins as a named plaintiff will affect that particular issue in the litigation, which applies globally to all of the potential plaintiffs. Moreover, the parties' Local Rule 56.1 Statements address all of the parties who have filed consent forms in this action, and thus specifically include details concerning Andrew Huggins' relationship with the Defendants.

Therefore, the Court grants the Plaintiff's motion for leave to amend the complaint to add Andrew Huggins as a named Plaintiff.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiffs' motion for leave to file an amended complaint is granted. The Plaintiffs are directed to serve and file their amended complaint within 10 days of the date of this Order, in which the Plaintiffs may name Andrew Huggins as a named Plaintiff.

**SO ORDERED.**

Dated: Central Islip, New York
December 14, 2011

                                                 ___/s/ Arthur D. Spatt___
                                                     ARTHUR D. SPATT
                                                  United States District Judge